1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   VIEWTECH, INC., a California corporation,          CASE NO. 09cv1606-IEG(CAB)
     and JUNG KWAK, an individual,
12                                                      Order Granting Respondent's Motion
                                        Movants,        to Dismiss
13             vs.
14   UNITED STATES OF AMERICA,
15                                      Respondent.
16
17        Movants, Viewtech, Inc. and Jung Kwak, have filed a motion to quash an Internal Revenue

18   Service ("IRS") summons dated June 25, 2009.  The third-party summons was issued in

19   furtherance of an IRS investigation of Movant Jung Kwak's ability to pay previously assessed

20   federal income tax liability totaling over $3 million.  The summons calls for production by Wells

21   Fargo Bank in Oceanside, California, of the bank account records of Viewtech, Inc. for the time

22   period January 1, 2009 through May 31, 2009.

23        The government has moved to dismiss this action, arguing Movants are not parties entitled

24   to notice of the summons under 26 U.S.C. § 7609(c)(2)(D)(i), and thus lack standing to move to

25   quash the summons.  Movants have filed an opposition to the government's motion to dismiss.

26        The Court finds the motions appropriate for submission on the papers and without oral

27   argument.  For the reasons set forth herein, the Court GRANTS the government's motion to

28   dismiss.

1

### *Background*

2   Revenue Officer Susan LaRoche is conducting an investigation into Jung Kwak's ability to

3   satisfy an outstanding federal income tax liability of over $3 million.  [Declaration of Revenue

4   Officer LaRoche in Support of Motion to Dismiss ("LaRoche Decl."), ¶ 2.]  On June 25, 2009,

5   Revenue Officer LaRoche issued a summons to Wells Fargo Bank, for records and testimony

6   regarding a specified account held in the name of Petitioner Viewtech, Inc.  [Id., ¶ 3; Exhibit A.]

7   The summons called for production of all records regarding the specified account for the time

8   period January 1, 2009 through May 31, 2009.  Revenue Officer LaRoche served the summons

9   upon Wells Fargo Bank on the date it was issued.

10   On July 24, 2009, the account holder, Viewtech, Inc., and the assessed taxpayer, Jung

11   Kwak, filed a motion to quash the summons pursuant to 26 U.S.C. § 7602, *et seq.*[1]  On

12   September 24, 2009, the government filed a motion to dismiss this action, arguing Petitioners lack

13   standing to move to quash the summons.  Petitioners have filed an opposition to the motion.

14

### *Discussion*

15   The government moves to dismiss the petition under Fed. R. Civ. P. 12(b)(1) for lack of

16   jurisdiction.  The United States is immune from suit unless there is a valid waiver of sovereign

17   immunity.  Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995).  The only statute providing

18   the court with jurisdiction to quash an IRS summons is 26 U.S.C. § 7609(b).  Section 7609(b),

19   therefore, is the exclusive method by which a taxpayer can challenge a summons issued by the IRS

20   to a third-party recordkeeper.  Ponsford, 771 F.2d 1305, 1309 (9th Cir. 1985).

21   Only those persons entitled to notice of the summons pursuant to § 7609 have standing to

22   move to quash the summons.  28 U.S.C. § 7609(b)(2)(A); Ip v. United States, 205 F.3d 1168, 1170

23   (9th Cir. 2000).  Although the IRS is required to give notice of the issuance of a third-party

24   summons in many circumstances, it is not required to give notice where the third-party summons

25   is issued "in aid of the collection of – (i) an assessment made . . . against the person with respect to

26   whose liability the summons is issued . . . ."  26 U.S.C. § 7609(c)(2)(D).

27   _____

28   [1]Movants also cite Fed. R. Civ. P. 45(c)(3).  The summons in dispute, however, was not issued under the authority of the Federal Rules of Civil Procedure.  Thus, the provisions of Rule 45(c)(3) are irrelevant to this motion.

1    In this case, there is no dispute the summons was issued to a third party in aid of collection

2    of an IRS assessment of federal tax liability against Jung Kwak.  Thus, under § 7609(c)(2)(D), Mr.

3    Kwak was not entitled to notice of the summons and he lacks standing to move to quash the

4    summons.

5    The IRS has not made an assessment of tax liability against Viewtech, Inc.  In its motion to

6    dismiss, however, the IRS argues it has evidence in its possession suggesting Mr. Kwak has a

7    "recognizable legal interest in the records summonsed."  Ip, 205 F.3d at 1176.  In Ip, the Ninth

8    Circuit addressed the question of when an individual has standing to challenge an IRS summons

9    concerning his own records in connection with collecting a tax assessment from another individual

10    or entity.  The Ninth Circuit noted Congress's desire to balance the IRS's need to expeditiously

11    obtain information in furtherance of its enforcement of an assessed tax liability with the right of

12    certain individuals to receive notice before a third-party produces private documents in response to

13    an IRS summons.  Id. at 1172-73.  The Court noted that "Congress also recognized that to give

14    notice to a person who is a fiduciary or transferee of an assessed taxpayer gives rise to a

15    heightened risk of tax fraud."  Id. at 1173 (citing § 7609(c)(2)(D)(ii)).  The Court concluded that

16    the "assessed taxpayer" notice exception applied only where the summonsed party "had

17    recognizable legal interests in the accounts summonsed or ... had fiduciary relationships with the

18    person against whom an assessment was made."  Id. at 1174.

19    Here, the government argues Viewtech has a significant legal relationship with Mr. Kwak,

20    sufficient to bring the company within the exception-to-notice provisions of § 7609(c)(2)(D).  In

21    particular, the government has provided the declaration of Revenue Officer LaRoche establishing

22    the following:

23    •    In 2007, Mr. Kwak was the 100% shareholder of Viewtech and received
     $12,645,377 in ordinary income, $145,181 in interest income, $45,473 in expenses,
24    and $1,343,461 in wages from the company [LaRoche Decl., ¶ 5].

25    •    In 2008, Mr. Kwak was the 97% shareholder of Viewtech and received $1,419,386
     in ordinary income, $65,891 in interest income, $153,542 in expenses, and
26    $184,999 in wages from the company [Id.].

27    •    On March 4, 2009 and on April 8, 2009, Viewtech transferred $30,000 and
     $150,000 respectively from the summonsed bank account into Mr. Kwak's personal
28    checking account. These transfers were in addition to deposits into Mr. Kwak's
     account on March 13 and April 16, 2009, in the amounts of $4,476 and $4,467, that

1    appear to represent his salary from the company [Id., ¶ 8].

2    •    In 2007 and 2008, five checks in the amounts of $500,000, $186,320, $186,320,
3         $17,128.78, and $236,935 were drawn from Viewtech's checking account to
         partially satisfy Mr. Kwak's personal federal income tax liabilities for 2006 and
         2007 [Id. at ¶ 9].

4    •    On two occasions in 2006 and on another two occasions in 2008, Mr. Kwak
5         deposited significant sums of cash into Viewtech's summonsed account ($250,000,
         $36,000, $290,000, and $100,000) [Id. at ¶ 10].

6
7    The government argues these transactions show there is a relationship between Mr. Kwak, his

8    financial affairs, and Viewtech.  The government argues these transactions demonstrate Mr. Kwak

9    has an interest in Viewtech's bank account, and Viewtech is the nominee, alter ego, or transferee

10   of Mr. Kwak.[2]

11        In reply, Viewtech argues the periodic distribution of funds to Mr. Kwak was in

12   consideration for the services he rendered as an employee or officer of Viewtech.  In addition,

13   Viewtech argues Mr. Kwak's deposits of capital into Viewtech, as a partial owner of the company,

14   does not establish that Mr. Kwak has a recognizable legal interest in Viewtech's bank account.

15   According to the declaration submitted by Viewtech in support of its motion to quash the

16   summons, Viewtech has other owners aside from Mr. Kwak, and has independent officers and

17   directors.  [Declaration of Robert E. Rhine in Support of Motion to Quash ("Rhine Decl."), ¶ 5.]

18   Viewtech has approximately a dozen employees and does millions of dollars of business with

19   hundreds of other entities.  [Id. at ¶ 6.]  The summonsed bank account is Viewtech's primary

20   operating account.  [Id. at ¶ 7.]  Mr. Kwak does not have individual access to or authority to use

21   Viewtech's funds, held in the referenced account, without approval by Viewtech's management,

22   and Mr. Kwak does not have the ability to cause distributions to be made from the referenced

23   account.  [Id. at ¶¶ 8 and 9.]

24        Notwithstanding Viewtech's arguments, the Court is persuaded that the government has

25   _____

26        [2]In addition to these financial transactions, the government points out that a grand jury in
     this District returned an indictment against Mr. Kwak on July 9, 2009, in which it alleged Mr.
27   Kwak engaged in illegal activity through Viewtech, a business which Mr. Kwak owns and
     operates.  [S.D. Cal. Case No. 09cr2646-JLS.]  The indictment,  however, is not evidence of the
     relationship, but instead is an allegation that must be proven by the government.  Thus, the Court
28   does not rely upon the indictment as a basis to conclude Mr. Kwak has a legally recognizable
     interest in Viewtech.

produced sufficient evidence establishing the assessed taxpayer, Mr. Kwak, has a recognizable legal interest in the subject Viewtech bank account.  Viewtech does not dispute the government's assertion that Mr. Kwak held a 100% ownership interest in the company in 2007 and a 97% interest in 2008.  Although Viewtech states it has other owners, it does not attempt to demonstrate Mr. Kwak's ownership interest in the company significantly declined in 2009.  Although Viewtech states Mr. Kwak does not have the ability to cause distributions to be made from the referenced account, it does not offer any explanation for the fact $1,126,704 was paid out of the subject account in 2007 and 2008 to partially satisfy Mr. Kwak's personal federal income tax liabilities. Finally, Viewtech does not dispute that Mr. Kwak directly deposited $676,000 to Viewtech's account between 2006 and 2008. Based thereon, the Court finds the government has established Mr. Kwak has a recognizable legal interest in Viewtech sufficient to bring the company within the exception-to-notice provision of 26 U.S.C. § 7609(c)(2)(D).  Viewtech was not entitled to notice of the summons, and thus lacks standing to move to quash the summons.

### *Conclusion*

For the reasons set forth herein, the Court concludes Movant Jung Kwak, as the assessed taxpayer, and Movant Viewtech, Inc., a company in which Mr. Kwak has a recognizable legal interest, were not entitled to notice of the IRS summons under 26 U.S.C. § 7609(c)(2)(D) and thus lack standing to move to quash the summons.  The Court GRANTS the government's motion to dismiss.  The Clerk may close this case.

**IT IS SO ORDERED**.

**DATED:  October 16, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**