# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIEWTECH, INC., a California corporation, and JUNG KWAK, an individual,<br><br>  Movants,<br>  vs.<br>UNITED STATES OF AMERICA,<br><br>  Respondent. | CASE NO. 09cv1606-IEG(CAB)<br><br>Order Granting Movant's Motion to Stay Enforcement of Summons Pending Appeal |

Movants, Viewtech, Inc. and Jung Kwak, filed a motion to quash an Internal Revenue Service ("IRS") summons dated June 25, 2009. On October 19, 2009, the Court granted respondent's motion to dismiss, finding movants lacked standing to challenge the summons. Movants now ask the Court to stay enforcement of the underlying IRS summons while they appeal the Court's October 19, 2009 order. The government has filed an opposition and movants have filed a reply. The Court finds the motion appropriate for submission on the papers and without oral argument. For the reasons set forth herein, the motion to stay is GRANTED.

In determining whether it should stay enforcement of the underlying summons, pending appeal of the October 19, 2009 order, the Court must balance the public interest against any likelihood of irreparable injury to the movants. Natural Resources Defense Council, Inc. v. Winter, 502 F.3d 859, 863 (9th Cir. 2007) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). Four factors inform the Court's decision:

> (1) whether the stay applicant has made a strong showing he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. Even if the movants do not make a "strong showing" of likelihood of success on the merits, a stay may still be appropriate if the movants demonstrate a "substantial case on the merits" and also show that the second and fourth factors warrant relief. Id.

Here, although movants have not made a strong showing of likelihood of success on appeal, they have made a "substantial case on the merits." The legal standard governing whether an individual or entity has standing to challenge an IRS summons was set out by the Ninth Circuit in Ip v. United States, 205 F.2d 1168 (9th Cir. 2000). Thus, the issue for appeal is whether the facts set forth in the parties' declarations establish that the assessed taxpayer, Mr. Kwak, has a recognizable/legal ownership interest in the bank records of Viewtech, Inc. under the standard articulated in Ip. As detailed in the October 19, 2009 order, there was substantial evidence demonstrating Mr. Kwak has a legal ownership in the Viewtech account. However, the Court of Appeals will review the determination of standing *de novo*, Id. at 1170, and movants have presented some evidence which the appellate court could find persuasive.

In addition, the factors two and four, irreparable injury and public interest, militate in favor of a stay. The bank's production of Viewtech's records to the IRS in response to the summons technically would not render the movants' appeal of this Court's order moot. Church of Scientology v. United States, 506 U.S. 9, 15 (1992). However, during the pendency of the appeal, the IRS would be able to obtain, examine, and use Viewtech's bank records, to the potential detriment of not only movants but also third parties with whom Viewtech does business. Although the Court of Appeals could require the IRS to return or destroy the records if it disagrees with this Court's analysis of the standing question, there is no limitation on the IRS's use of the information in the interim.

Furthermore, although the IRS and the public both have an interest in the government's timely collection of the $3 million in taxes owed by Mr. Kwak, United States v. Thomas, 57 F. Supp. 2d 469, 475 (D. Me. 2008) (government has strong interest in promptly securing its revenues), neither the assessment nor the summons has been outstanding for a long period of time.

1 | Mr. Kwak self-reported the tax liability.  Although the IRS states in its opposition that it believes
2 | Mr. Kwak may attempt to conceal and/or transfer assets to avoid collection, it has presented no
3 | factual basis for its assertion.
4 |     Upon the balancing of the public interest against the likelihood of irreparable injury to the
5 | movants, the Court finds the factors weigh in favor of a stay pending appeal.  Movants' motion is
6 | GRANTED.
7 |     **IT IS SO ORDERED**.

**DATED: November 25, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**